# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARIA SILVA,** Plaintiff, v. **DISTRICT OF COLUMBIA,** Defendant. | Civil Action No. 13-cv-00764 (CRC) |

## MEMORANDUM OPINION

Plaintiff Maria Silva attempted to withdraw her Individuals with Disabilities Education Act administrative complaint one week before the scheduled hearing because her lawyer doubted that the hearing officer assigned to her case could be fair. Sensing an effort to forum shop, the hearing officer dismissed Silva's complaint without prejudice, but warned Silva that the dismissal would become with prejudice if she did not refile the complaint within 30 days. Silva chose not to refile the complaint and, almost three months later, challenged the dismissal order in this Court. Finding that the Hearing Officer had the authority to issue a contingent final order and did not abuse her discretion in doing so, the Court grants summary judgment in favor of the District of Columbia.

### I. Background

Maria Silva brings this action under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA"). She claims that a hearing officer with the District of Columbia Student Hearing Office ("Hearing Office") improperly issued a contingent order dismissing her administrative complaint challenging the District of Columbia Public Schools' ("DCPS") handling of her grandson J.E.'s special education needs. According to Silva's complaint, J.E.

has received special education services in the District since 2009. In January 2013, following DCPS's transfer of J.E. from one public middle school to another, Silva filed a due process complaint before the Hearing Office. The assigned hearing officer conducted two prehearing conferences, issued a prehearing order, and scheduled the hearing for March 5 and 6, 2013. Administrative Record ("AR") at 38–42. One week prior to the hearing, however, Silva's counsel filed a notice of withdrawal, advising that "Petitioner is withdrawing the instant Complaint because undersigned counsel does not believe that Petitioner can or will receive a fair or impartial hearing in this matter if the matter is heard by the assigned hearing officer." Id. at 43–44. Counsel subsequently clarified that the withdrawal was "without prejudice," id. at 46, 48, and explained in a letter that her objections to the assigned hearing officer were based on the officer's handling of another case that counsel had before her. Id. at 49–51. DCPS opposed withdrawal without prejudice, contending that the complaint should instead be dismissed *with* prejudice because, among other reasons, Silva should not be allowed to "forum shop" on the eve of the hearing for a hearing officer more to her liking. Id. at 55–56.

On February 28, 2013, two days after Silva's notice of withdrawal, the hearing officer issued an order dismissing the complaint without prejudice. While finding that the DCPS would be prejudiced by a dismissal so soon before the hearing, the hearing officer concluded that "the potential prejudice to the child, if the case is dismissed with prejudice, would be greater." Id. at 59. The hearing officer warned, however, that "[i]f the Petitioner does not file a Complaint based on the same allegations contained in the present Complaint within 30 days of this Order, the dismissal becomes a dismissal with prejudice." Id. at 60 (emphasis omitted). The hearing officer based her order on a provision of practice guidelines published by the Office of the State Superintendent of Education—the Appropriate Standard Practices—that gives hearing officers discretion to dismiss with prejudice complaints that are voluntarily withdrawn more than 15 days

after service.  See Office of the State Superintendent of Education, Appropriate Standard Practices, § 3.E(1) (Aug. 3, 2011), http://osse.dc.gov/publication/appropriate-standard-practices ("ASP").

In an email responding to the order, Silva questioned the hearing officer's authority to issue an order of withdrawal contingent on the future action of a party or to require a party to refile a complaint.  She also requested that the hearing officer issue a "final Order" dismissing the complaint without prejudice.  AR at 111–12.  In a one-sentence reply, the hearing officer informed Silva that "[t]he Order issued on February 28, 2013 is a final Order."  Id. at 111.  Silva did not refile her complaint and nothing in the record indicates that the hearing officer entered a subsequent order at the conclusion of the 30-day window.  Silva commenced the action in this Court on May 24, 2013.

Silva's complaint alleges that the hearing officer "erred and acted arbitrarily and capriciously" by ordering her to refile her complaint within thirty days, or face dismissal with prejudice; by preventing her from unconditionally withdrawing her complaint without prejudice; and by relying on the ASP guidelines rather than a second set of procedures promulgated by the Hearing Office—the Standard Operating Procedures—that Silva contends permitted her to voluntarily withdraw her complaint prior to the hearing without prejudice.  See Office of the State Superintendent of Education, Standard Operating Procedures, § 1002.3 (July 29, 2011) http://osse.dc.gov/publication/special-education-student-hearing-office-due-process-hearing-standard-operating ("SOP").  Following the Court's referral of the case to Magistrate Judge Robinson for pre-trial management, the parties filed cross-motions for summary judgment.  Magistrate Judge Robinson issued a report recommending that the Court deny both motions without prejudice and remand the case to the Hearing Office for further proceedings.  The

District filed objections to the Magistrate Judge's recommendations, which this Court reviews *de novo*. See Fed. R. Civ. P. 72.

## II.  Statutory Framework

One of the purposes of the IDEA is "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A). To ensure access to a free appropriate public education for children with disabilities, "the child's parents, teachers, school officials, and other professionals collaborate in a 'multi-disciplinary team' to develop an individualized educational program ("IEP") to meet the child's unique needs." D.K. v. Dist. of Columbia, No. 13-110, 2013 WL 5460281, at *1 (D.D.C. Oct. 2, 2013) (citing 20 U.S.C. § 1414(d)(1)(B)); accord Reid ex rel. Reid v. Dist. of Columbia, 401 F.3d 516, 519 (D.C. Cir. 2005). A parent, adult student, or guardian may file an administrative complaint and participate in an impartial due process hearing if he or she objects to "the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6), (f)(1).

Once a complaint has been filed, the parties proceed to file responsive pleadings, attend pre-hearing conferences, and exchange pre-hearing disclosures. See ASP §§ 3, 7. If a settlement is not reached, the party has a right to a written decision. 20 U.S.C. § 1415(h)(4). Such a decision "must include findings of fact and conclusions of law" and must be signed, dated, and transmitted to parties by mail, in person, or by facsimile. SOP § 1003. A decision made at the hearing is final, and any party aggrieved by the "findings and decision" may challenge the decision "in any State court of competent jurisdiction or in a district court of the United States." 20 U.S.C. § 1415(i). Absent exhaustion of these administrative remedies, the court lacks

jurisdiction over the dispute. See DL v. Dist. of Columbia, 713 F.3d 120, 122 (D.C. Cir. 2013); Pinto v. District of Columbia, 938 F. Supp. 2d 25, 38 (D.D.C. 2013). The reviewing court "shall receive the records of the administrative proceedings," "shall hear additional evidence at the request of a party," and "basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C).

### III. Standard of Review

Summary judgment is appropriate if the pleadings, discovery materials, and admissions on file, together with any affidavits or declarations, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are only those that may affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court draws all reasonable inferences in the non-movant's favor and accepts as true all competent evidence of the non-movant. Id. at 255.

The party challenging the administrative determination bears the burden "of persuading the court that the hearing officer was wrong." Reid, 401 F.3d at 521 (citation and internal quotation marks omitted). On review, IDEA administrative proceedings are given "less deference than is conventional in administrative proceedings," because the court may hear additional evidence outside of the administrative record, and "a hearing decision without reasoned and specific findings deserves little deference." Id. (citations and internal quotation marks omitted). A hearing officer's implicit ruling that IDEA permits a contingent, final order raises a question of law that the Court reviews *de novo*. Id. The hearing officer's application of the authority she did have is reviewed under IDEA's intermediate level of deference. See 20 U.S.C. § 1415(i)(2)(C); Kerkam v. McKenzie, 862 F.2d 884, 887 (D.C. Cir. 1988).

5

IV.     Analysis

At bottom, the parties disagree about whether the hearing officer had authority to issue a contingent order dismissing Silva's complaint with prejudice before the hearing had commenced, and if so, whether it was abuse of authority to do so. IDEA and its accompanying regulations are silent on authority to dismiss a complaint before a hearing. They do include other procedural safeguards that the Supreme Court has called "elaborate and highly specific." Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley, 458 U.S. 176, 205 (1982). As Magistrate Judge Robinson explained in her Report and Recommendation, the Hearing Office publishes two sets of procedures to serve as guidelines for conducting and managing IDEA proceedings: the Standard Operating Procedures, which were adopted in June, 2006 to accompany a consent decree in a class action lawsuit against the District, see Blackman v. District of Columbia, 2006 WL 2456413, at *15 (D.D.C. Aug. 24, 2006), and the Appropriate Standard Practices, which were developed to supplement the SOPs.

The hearing officer based her February 28, 2013 order on Section 3.E(1) of the ASPs, which provides:

> Hearing Officers shall allow a Petitioner to withdraw a Due Process Complaint within fifteen (15) days of the service of the Complaint, or by written agreement of the parties. Unless otherwise requested in the withdrawal or agreement, the dismissal will be without prejudice. If a Petitioner withdraws the complaint after fifteen (15) days from the service of the Complaint, Hearing Officers will have discretion whether to dismiss the Complaint with prejudice.

Silva contends that the ASPs are non-binding and the hearing officer should have instead followed Section 1002.3 of the SOPs, which provides:

> If the party requesting the hearing decides it does not want to proceed to hearing, that party shall inform the Student Hearing Office and the other party(ies) in writing of the decision to withdraw at the earliest opportunity. If the party requesting the hearing wishes to withdraw the case after the hearing has begun and testimony has been heard, the party shall make a motion to the presiding Hearing Officer. It is within the discretion of the Hearing Officer whether to grant the withdrawal with or without prejudice.

Silva reads SOP §1002.3 to permit parties to unilaterally withdraw a case without prejudice at any time prior to the hearing and to vest the hearing officer with discretion to dismiss a withdrawn case with prejudice only after the hearing has begun. She asserts that when relevant provisions of the SOPs and ASPs conflict, the SOPs must be followed because, unlike the ASPs, the SOPs carry the force of law. The District responds that the hearing officer properly followed the ASPs and, even if the SOPs were assumed to be binding, the February 28th order was consistent with SOP § 1002.3.

The Court gives due weight to the hearing officer and the District's interpretation given the silence of the statute and regulations on the question at hand. See Rowley, 458 U.S. at 206; Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945) ("the ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation."). Indeed, the two ASP and SOP provisions at issue here can be read in harmony. SOP § 1002.3 and ASP § 3.E concern two related yet distinct issues. SOP § 1002.3 governs the methods by which a party may withdraw a complaint prior to the commencement of a hearing and after one has begun: a party may voluntarily withdrawal a complaint prior to a hearing merely by notifying the parties in writing, but must file a motion in order to withdraw after the hearing has begun, which the court may grant either with or without prejudice. The provision does not limit the range of permissible hearing officer responses to the proposed dismissal. That is determined by ASP § 3.E, which governs how a hearing officer must treat voluntary withdrawals: if a petitioner voluntarily withdraws within 15 days of service of the complaint, the hearing officer must dismiss the complaint without prejudice, whereas later (whether before or during the hearing), the officer has discretion to dismiss the complaint with or without prejudice. Read in this fashion, nothing in either provision contradicts the other.

In addition to being consistent with the procedures articulated by the DCPS, the Court agrees with the District that issuing a contingent order was within the hearing officer's equitable powers. Although no statute or regulation expressly authorizes such an order, it was also not clearly foreclosed by any binding authority. Moreover, a hearing officer overseeing an IDEA due process hearing, a quasi-judicial proceeding, is vested with implied powers beyond those that are specifically enumerated. See Stancourt v. Worthington City Sch. Dist. Bd. of Educ., 164 Ohio App. 3d 184, 207 (Ohio Ct. App. 2005). Subject, of course, to judicial review, a hearing officer may issue decisions on procedures and craft remedies as long as they are supported by reasoning, comport with due process, and achieve the goal of providing a free, appropriate public education. Although the District admitted that hearing officers rarely issue contingent orders, such an order, with reasonable, clearly articulated requirements and enough time to abide by them, was within the realm of what a practitioner might reasonably expect from a judicial officer.

The remaining question then is whether the hearing officer *abused* her discretion under the circumstances of this case by conditionally dismissing Silva's case with prejudice unless she filed a new complaint within 30 days. Although additional findings of fact and statements concerning appeal rights might have been helpful to all parties, the Court does not find these deficiencies fatal to the order. See Andersen by Andersen v. District of Columbia, 877 F.2d 1018, 1024 (D.C. Cir. 1989) (affirming a hearing officer's decision against a charge that it contained insufficient findings of fact). While dismissing with prejudice might be considered a harsh remedy, Silva did retain the option of refiling the complaint or requesting recusal of the hearing officer, neither of which she chose to do. Under these circumstances, it was not abuse of discretion to issue a contingent order that became a dismissal with prejudice after 30 days.

## V.     Conclusion

After consideration of the Report and Recommendation of Magistrate Judge Robinson, the parties' pleadings, the entire record before the Court, and the applicable law, the Court will grant the District's motion for summary judgment and deny Silva's motion for summary judgment.  The Court will issue a separate Order consistent with this Opinion.


Date: <u>     July 21, 2014     </u>

CHRISTOPHER R. COOPER<br>United States District Judge